Robinson, J.,
 

 dissenting. The judgment of the majority of this court, reversing its former judgment in this case, seems to be one of expediency, impelled by a commendable desire to protect the investment of an innocent bondholder. The opinion of the majority frankly states that, had the question of the necessity for the creation of the district and the construction of the improvement been raised before the sale of the bonds, it, the majority, would have been obliged to hold, not only that no such necessity existed, but also that, by reason of the fact that the board of county commissioners was to profit to the extent of $4,427.64 by finding such necessity to exist, it was disqualified, under the pronouncement of the Supreme Court of the United States in the case of
 
 Tumey
 
 v.
 
 State,
 
 273 U. S., 510, 47 S. Ct., 437, 71 L. Ed., 749, 50 A. L. R., 1243, to pass upon such questions; but that the principle of that case does not apply because neither question was timely raised.
 

 The majority seems to forget that the general taxpayer is a party to this iniquitous thing for the first time in this case; that he stands before this court unprejudiced by any act of his, either of omission or commission, and has voiced his protest at his first opportunity. He is in a very different situation from the situation of the owner of the property specially assessed according to the benefits in the sewer district.
 

 
 *211
 
 Ah between the innocent bondholder and the owners of the property in the sewer district, enjoying the benefit of the bondholder’s investment, I am quite willing to resolve every doubt in favor of the bondholder and invoke any applicable doctrine which will compel the exhaustion of such property toward the payment of the sewer assessments and of the bonds; but I am unable to interpret my duty to be to exercise the mandatory power of this court to compel the payment by the general taxpayer of a debt which he did not contract, which was contracted neither for his benefit nor for the benefit of the public, which can never inure to his benefit or the benefit of the public, and which was contracted without the knowledge or fault of such general taxpayer or the public. I am unable to divorce from my mind the fact that justice is not served by invading the rights of the innocent general taxpayer to preserve the rights of the innocent bondholder; that, for every dollar so received by the innocent bondholder, a dollar has been unjustly and unlawfully exacted from the equally innocent general taxpayer.
 

 The majority of the court seems to be unduly, awed by the possible far-reaching effect of this court’s original judgment in this case, and seems to assume that, if this court should hold unconstitutional legislation which attempts to authorize the county commissioners to pledge the faith of the county to further the promotion of a real estate allotment by installing sewers for a district that produces no sewage, under the guise of preserving the public health, legislation authorizing the commissioners of the county in the furtherance of the public health to pledge the faith of the county to relieve
 
 *212
 
 an existing unsanitary condition is henceforth jeopardized. I do not share such fear. On the contrary, my fear now, by reason of the present judgment in this case, is for the future status of general taxpayers.